PABLO CASTRO, Plaintiff and Appellant, v. NICOLÁS QUIÑÓNES-JIMÉNEZ, Defendant and Appellee.

No. 3123. Argued January 13, 1925.—Decided December 23, 1925.

1. APPEAL—EVIDENCE.—It was held in this case that there was no such manifest error in weighing the evidence as to require a reversal of the judgment.

2. ID.—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—The trial court having based its decision on the absence of any negligence on the part of defendant, and there being no finding of contributory negligence on the part of the victim as tending to exonerate the defendant from any responsibility that, but for such contributory negligence, would rest upon him, but in an incidental imputation of imprudence to the victim, the error, if any, was held to be harmless.

3. ID.—ISSUES IN TRIAL COURT.—As the trial judge is entitled to an opportunity to pass upon points intended to be urged on appeal, questions which are to be relied on for a reversal of the judgment must be clearly and squarely presented in the court below.

4. ID.—ASSIGNMENT OF ERRORS—BRIEF.—The appellant should establish all propositions whose soundness is not at once self-evident, for the Supreme Court will not undertake independent investigation of more or less doubtful questions not adequately developed in the brief.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for defendant in an action for damages. *Affirmed.*

*Eduardo López Tizol* for the appellant. *José Martínez Dávila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below, after a trial on the merits, dismissed an action for damages upon facts found as follows:

"Defendant was coming with his family by the Military Road, from Río Piedras to San Juan, in car No. 3390, driven by José Merced Aponte, to whom an apprentice's license had been granted, and who acted as an employee of defendant. Upon reaching Stop 21, Santurce, the boy Neftalí Castro, son of plaintiff, came running out from the northern side of the street to the opposite side, at the same time that the car was approaching that place, and the boy ran into the car on its right side. The injury suffered by Neftalí Castro in consequence of the collision was received in the upper-anterior part of the right leg; and his body did not show, upon being examined, any other injury or wound, which indicates that it was necessarily caused when the boy was running and tried to raise his leg. He was not run over by the wheels, nor did the car run over his body. The violence of the collision made him fall toward one side and caused him a shock which he could not survive. This shock was evidenced by the absence of blood in the wound.

"We are convinced that the accident was inevitable, considering the circumstances, and that there was no evidence to show the negligence of the chauffeur of defendant. We are dealing with a casual and unfortunate accident, whose principal cause was the boy who imprudently tried to cross the road at the same time that the car was passing, by its right and at ordinary speed. The deceased boy tried to cross the street in order to follow a companion who a few moments before had crossed it at a great risk of being injured.

"We do not find, therefore, any motive that would justify a judgment against defendant, whom we believe exempt from any responsibility for this mishap."

The assignment of errors contains the following specifications:

"1.—That the court erred in rendering a judgment contrary to the evidence introduced.

"2.—That the court erred in not applying duly the legal precept

which says that any evidence voluntarily omitted is presumed to be adverse to the party who omitted it.

"3.—The court erred in not duly applying the precept that obliges it to render a judgment according to the preponderance of the evidence.

"4.—The court erred in not allowing a deposition to be taken of witness Vicente Rivera.

"5.—The court erred in admitting in evidence a letter addressed by Prosecuting Attorney Díaz Collazo to the Commissioner of the Interior requesting that a chauffeur-badge be returned to José Martínez.

"6.—The court erred in admitting in evidence four apprentice's cards without the signature of the Commissioner of the Interior, and only with a stamp saying 'Guillermo Esteves,' whereby it was not duly identified.

"7.—The court erred in allowing witness Nicolás Quiñones Jiménez to show that he was a chauffeur, a matter that was not set up as a defense.

"8.—That it erred in not allowing plaintiff to call witness Jesús Martínez to testify in rebuttal.

"9.—The court erred in finding that the death of the boy Neftalí Castro was caused by shock, for it was shown that it was caused by *traumatic shock.*

"10.—That it erred in finding that there was no evidence to show the negligence of the driver of the car, and that the negligence was on the part of the boy Neftalí Castro, who was only seven or eight years old."

[1] The testimony for plaintiff does not tend to support the findings which plainly follow the version of the incident given by defendant and by another eye-witness. Perhaps it would have been easier to affirm a judgment for plaintiff. But a careful examination of all the evidence discloses no such manifest error as to require a reversal. A discussion in detail of the first and third grounds of appeal and of the first half of the tenth would be unproductive of any result commensurate with the amount of time and labor involved.

[2] The court below based its decision upon the theory of an absence of any negligence on the part of defendant,

or, in other words, the occurrence of an unavoidable accident in so far as any connection of defendant therewith was concerned. There is no finding of contributory negligence on the part of the victim of such accident as tending to exonerate the defendant from any responsibility, that, but for such contributory negligence, would rest upon him. Perhaps it would have been better to say that the act of the child in running into the street, without further characterization of such action, was the proximate cause of the accident, but, be this as it may, the error, if any, in the incidental imputation of "imprudence" to the child was harmless.

In like manner, referring now to the ninth contention of appellant, the trial judge did not find that death was caused by shock due to fright or to other cause different from that indicated in the death certificate. The brief for appellant assumes without attempting to show some sort of a distinction between the "traumatic shock" mentioned in the death certificate and the shock resulting from the "violence of the collision" as found by the court below. In the total absence of any showing to the contrary, this distinction would seem to be "a distinction without a difference."

Of the remaining propositions the fifth is perhaps the most plausible, but even here appellant cites no authority in support of his contention either in the abstract or as affected by the foundation sought to be laid therefor in the court below.

While the witness Díaz Collazo was on the stand the following incident occurred:

"Defendant: Presents the witness with a document, and the witness says: 'This is a letter authorized by me as District Attorney, informing the Commissioner of the Interior. . .' Plaintiff says that the letter will speak for itself when admitted in evidence by the court. Witness: That he gave the letter to the accused because the badge had been taken away from him. The defendant offers in evidence a letter addressed to the Commissioner of the In-

terior by Mr. Díaz Collazo, as District Attorney, and delivered to José Martínez, requesting the return of his badge that had been canceled.

"Plaintiff:—We object to that, because it is not known if it was handed to José Martínez and because the facts that appear from the letter in no way can serve to solve the question in a civil action."

From the testimony of defendant we take the following extract:

"That José Martínez is the same man who drove the car, and is the same person to whom the letter of the District Attorney referred.

"Defendant:—We offer this letter in evidence.  Admitted.

"Plaintiff:—Exception."

It must have been apparent to counsel that the district judge regarded the gist of the objection as going to the failure to identify, as the driver of the Quiñones car, the José Martínez referred to in the letter of the *fiscal*.  Nevertheless, when the letter was again offered in evidence, after such identification of the individual named therein, no objection whatever was made to the proposed admission thereof and no intimation was given the court as to the nature of the ground for the exception taken.

[3] The trial judge is entitled to an opportunity to pass upon points intended to be urged upon appeal and questions which are to be relied upon for a reversal must be clearly raised and squarely presented in the court below.

[4] The other alleged errors as discussed and submitted in the brief do not demand serious consideration.  As heretofore repeatedly announced, it is the duty of appellant to establish, in some measure at least, all propositions the soundness of which is not at once self-evident, and this court will not ordinarily undertake the independent investigation of more or less doubtful questions not adequately developed in the brief.

The judgment appealed from must be affirmed.